

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:

Opinion No. O-4730
Re: Interest on money borrowed to pay
salaries of deputies is not a
legitimate expense of office of
tax assessor-collector in fee
county, and related matter.

Your request for opinion has been received and care-
fully considered by this department. We quote from your request
as follows:

"Stephens County is under the fee system, and the
tax assessor-collector normally collects sufficient fees
to pay all of his expenses and deputy hire and pay to
the county three or four thousand dollars in excess fees
after deducting his own salary.

"His fees of office are collected and deposited
in his fee account and the expenses of his office and
the salaries of his deputies are paid out of the fee
account.

"There is normally sufficient money in the fee
account to discharge all of such expenses, except during
the months of July, August and September, when there is
not sufficient funds in the fee account to pay the deputies,
and the tax collector contemplates borrowing enough money
from the bank to place in the fee account and pay the
deputies, and inquires whether or not the interest on this
money so borrowed for such purpose may be lawfully deducted
by him as expenses of his office.

"Article 3891, R. S., provides that the officers
covered by such article, which include the tax assessor
and collector, shall out of the current fees of his office
pay the amount due him, together with the salaries of his
assistants and deputies, and other authorized expenses and
that the balance shall be accounted for as fees of office.

Hon. Ben J. Dean, page 2

"Article 3897, R. S., provides that at the close of each month the officers on a fee basis shall make as a part of the report required by law an itemized and sworn statement of all of 'the actual and necessary expenses' incurred by him in the conduct of his office.

"Said article provides that such expense account is subject to the audit of the county auditor, and if it appears that any item of such expense was not incurred or was not 'a necessary expense of office' such items shall be rejected.

"I should like to ask you the following questions:

"1. Does the term 'current fees of office' mentioned in Article 3891 contemplate that the salaries of assistants must be paid out of such fees and could not be paid out of borrowed money?

"2. Would interest paid on borrowed money to pay the salaries of such deputies be, 'necessary expenses incurred by him in the conduct of his office' as contemplated by Article 3899?"

Article 3897, Vernon's Annotated Texas Civil Statutes, provides for the filing of annual accounts by county officers.

Article 3891, Vernon's Annotated Texas Civil Statutes, provides in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided." (Underscoring ours)

Hon. Ben J. Dean, page 3

Section (a) of Article 3899, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. . . . The amount of salaries paid to Assistants and Deputies shall also be clearly shown by such officer, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such Assistant or Deputy."

The case of Carnes vs. State, 106 S.W. (2d) 397, construes Section (a) of Article 3899, V.A.C.S., as amended in 1933, and holds that the expenses of office in a fee county, other than those expenditures in connection with automobiles, which an officer is authorized to claim as deductions, are limited to stationery, stamps, telephone, traveling expenses and other similar necessary expenses, the rule of ejusdem generis being applied to qualify the general language by the specially enumerated items and to restrict its meaning to expenses of the same kind or character.

In the case of Hood vs. State, Tex. Civ. App., 73 S. W. (2d) 611, writ refused, the Sheriff of Dallas County claimed as an expense of office certain items of interest on money borrowed to operate his office. The Court of Civil Appeals disposed of said items in the following language:

"The items of interest paid by the sheriff on personal loans are not allowable under article 3899 as a deduction for account and necessary expense incurred by him in the conduct of his office. It has been repeatedly held, by courts of this state, that the expenses enumerated by statute — that is, 'stationery, stamps, telephone, traveling expenses' — fix the grade

and character of office expenses which may be paid for out of the fees of office. It matters not how much the money may have been needed and the emergency existed for a loan of money to the sheriff to properly conduct his office, in the absence of a statutory provision, neither the money loaned, nor the interest paid on the loan, can be allowed as an expense incurred by the sheriff in the conduct of his office. Casey v. State, supra; Cameron County v. Fox, supra."

We assume from your letter that the deputies were hired with the approval or ratification of the commissioners' court. Article 3902, Vernon's Annotated Texas Civil Statutes, sets the maximum amounts which may be allowed as annual salaries for deputies, assistants and clerks.

There is no law prohibiting the tax assessor-collector in a fee county from paying the salaries of his deputies out of his personal funds if he has no fees on hand to pay same. It is our opinion that such officer would be entitled to recoupment or reimbursement for such payments out of fees of office which came in later on during the fiscal year.

It is our further opinion that such officer would not be entitled to interest on such borrowed money as an expense of office. (See Hood v. State, supra.)

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AMM

APPROVED AUG 4, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN